UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>MEZCALES GRILL, LLC, a Washington limited liability partnership, d/b/a Mezcales Grill; CRISTOBAL MONDRAGON and the marital community of Cristobal Mondragon and Sandra Mendoza,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT**<br><br>*Theft of Satellite or Cable Signal*<br>(47 U.S.C. § 605;<br> 47 U.S.C. § 553)<br>and *Trespass of Chattel* |

PLAINTIFF ALLEGES:

**JURISDICTION**

1. Jurisdiction is founded on the existence of a question arising under particular federal statutes. This action is brought pursuant to several federal statutes, the federal Communications Act of 1934, as amended, 47 U.S.C. § 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, et seq.

COMPLAINT - 1

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight Program hereinafter set forth at length. The Defendants' wrongful acts consist of the interception, reception, publication, divulgence, display, exhibition, and taking of said property of Plaintiff within the control of the Plaintiff in the State of Washington.

4. Defendant MEZCALES GRILL, LLC is a Washington limited liability company registered under the Secretary of State's Unified Business Number 604 023 419, which was and is doing business under name "Mezcales Grill," and which at all times material herein was doing business in the state of Washington.

5. Defendant CRISTOBAL MONDRAGON ("Mondragon") is a resident of the state of Washington, in King County.

6. Upon information and belief, Mondragon is married to Sandra Mendoza and thus forms a marital community. Mondragon's violation of the statutes referenced herein has been in the furtherance of the marital community.

**VENUE**

7. Pursuant to 47 U.S.C. § 605 and § 553, venue is proper in the District of Washington, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**INTRA-DISTRICT ASSIGNMENT**

8. Assignment to the Seattle Division of the Western District of Washington is

COMPLAINT - 2

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

proper because a substantial part of the events or omissions giving rise to the claim occurred in King County, and/or the United States District Court for the District of Washington has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

**THE PARTIES**

9. Plaintiff, G&G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California limited liability company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Henderson, Nevada 89014.

10. Mezcales Grill LLC owns and operates, or did operate at all material times, the commercial establishment doing business as "Mezcales Grill" operating at 14018 Aurora Avenue North, Seattle, WA 98133 (the "Business").

11. Mondragon was, and is, an individual specifically identified as a member and governor of defendant Mezcales Grill, LLC. *See* Washington Secretary of State record under Unified Business Number 604 023 419[1].

12. Plaintiff is informed and believes, and alleges thereon that Mezcales Grill, LLC is, or was at all material times, the owner and/or operator, and/or licensee, and/or permittee, and/or entity in charge and/or with dominion, control, oversight and management of the Business.

13. Plaintiff is informed and believes, and alleges thereon that Mondragon, individually and as a member and governor of Mezcales Grill, LLC, is the owner and/or operator, and/or licensee, and/or permittee, and/or person in charge and/or with dominion, control, oversight and management of the Business.

14. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017, the night of Plaintiff's telecast of the boxing fight at issue herein, as more specifically defined in paragraph 18, (hereinafter, the "Program"), Mondragon, as an individual and as a member of and governor of Mezcales Grill, LLC, had the right and ability and the obligation to

---

[1] Available at https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessInformation

COMPLAINT - 3

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

1    supervise the activities of the Business, which included the unlawful interception of the Program.

2        15.    Plaintiff is informed and believes, and alleges thereon that, on Saturday, May 6,
3    2017 (the night of the Program), Mondragon actively, consciously, and specifically directed or
4    permitted the employees of the Business to unlawfully intercept and broadcast Plaintiff's Program
5    at the Business, or intentionally intercepted, and/or published the Program at the Business
6    himself. The actions of the employees of the Business are directly imputable to Mondragon by
7    virtue of his responsibility for the operation of the Business.

8        16.    Plaintiff is informed and believes, and alleges thereon that Mondragon had a
9    strong, obvious, and direct financial interest in the revenue generated from the potential and
10   actual increased patronage of the Business, in the form of sales, tips, and other related income,
11   from allowing or enabling the unlawful interception of Plaintiff's Program.  That financial
12   interest included increased profits.

### COUNT I

### (Violation of  47 U.S.C. § 605)

15       17.    Plaintiff hereby incorporates by reference all of the allegations contained in
16   paragraphs 1-16, inclusive, as though set forth herein at length.

17       18.    Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial
18   distribution ("closed-circuit") rights to "*Saul Alvarez v. Julio Cesar Chavez, Jr. Championship*
19   *Fight Program*", telecast nationwide on Saturday, May 6, 2017 (this included all under-card
20   bouts and fight commentary encompassed in the television broadcast of the event, herein referred
21   to as, the "Program").

22       19.    Pursuant to contract, Plaintiff entered into subsequent sublicensing agreements
23   with various commercial entities throughout North America, including entities within the State of
24   Washington, by which it granted these entities limited sublicensing rights, specifically the rights
25   to publicly exhibit the Program within their respective commercial establishments in the
26   hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.),

COMPLAINT - 4

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile:  (503) 273-9135

such as the Business.

20.   As a commercial distributor and licensor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

21.   With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above-named defendants, either through direct action or through actions of employees or agents directly imputable to Defendants, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment, i.e., the Business.

22.   Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully, i.e., actively, consciously, and specifically.

23.   Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done for purposes of direct and/or indirect commercial advantage and/or private financial gain.

24.   47 U.S.C. § 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission of the Program for which Plaintiff had the distribution rights thereto).

25.   By reason of the aforesaid mentioned conduct, Defendants, and each of them, violated 47 U.S.C. § 605, et seq.

26.   By reason of the Defendants' violation of 47 U.S.C. § 605, et seq., Plaintiff has the private right of action pursuant to 47 U.S.C. § 605.

27.   As the result of the aforementioned Defendants' violation of 47 U.S.C. § 605, and pursuant to said § 605, Plaintiff is entitled to the following from each Defendant:

COMPLAINT - 5

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

      a.    Statutory damages for each violation in an amount of not less than $1,000, and up to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and also

      b.    Statutory damages for each willful violation for commercial advantage or private financial gain in an amount up to $100,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and also

      c.    Recovery of full costs, including reasonable attorney fees, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

## COUNT II

### (Violation of 47 U.S.C. § 553)

28. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-27, inclusive, as though set forth herein at length.

29. The unauthorized interception, reception, publication, divulgence, display, and/or exhibition of the Program by Defendants was prohibited by 47 U.S.C. § 553, et seq.

30. By reason of the aforesaid-mentioned conduct, Defendants, and each of them, violated 47 U.S.C. § 553, et seq.

31. By reason of the Defendants' violation of 47 U.S.C. § 553, et seq., Plaintiff has the private right of action pursuant to 47 U.S.C. § 553.

32. As the result of Defendants' violation of 47 U.S.C. § 553, Plaintiff is entitled to the following from each Defendant:

      a.    Statutory damages for each violation in an amount of not less than $250 up to $10,000.00 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii); and also

      b.    Statutory damages for each willful violation for commercial advantage or private financial gain in an amount up to $50,000.00 pursuant to 47 U.S.C. § 553(c)(3)(B); and also the recovery of full costs pursuant to 47 U.S.C. § 553(c)(2)(C); and also

      c.    Plaintiff's reasonable attorneys' fees, in the discretion of this Court,

COMPLAINT - 6

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

pursuant to  47 U.S.C. § 553(c)(2)(C).

## COUNT III

**(Trespass of Chattel)**

33. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-32, inclusive, as though set forth herein at length.

34. The Program was, for purpose of distribution, transmission, and broadcast, Plaintiff's property.  Defendants willfully took and appropriated Plaintiff's property for their financial gain.  They did so without permission of Plaintiff because they did not pay for the privilege of using the Program, or at least did not pay to Plaintiff what they had to pay to make commercial use of the Program.  Defendants gained from that use of Plaintiff's property.  Plaintiff was damaged in the amount of $3,200, although Plaintiff reserves the right to amend that amount or prove a different amount at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

As to the First Count:

1. For statutory damages in the amount of $410,000.00 against Defendants, and each of them, including the marital community of Cristobal Mondragon and Sandra Mendoza, husband and wife;

2. For reasonable attorney fees, as mandated by statute;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Court may deem just and proper.

As to the Second Count:

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute;

COMPLAINT - 7

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile:  (503) 273-9135

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Court may deem just and proper.

As to the Third Count:

1. For Plaintiff's damages in the amount of $3,200, or to be proved at trial;

2. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and attorney fees if allowed by law; and

3. For such other and further relief as this Court may deem just and proper.

Dated: May 3, 2019.                                   Respectfully submitted,

WYSE KADISH LLP


 /s/ Bruce H. Orr
Bruce H. Orr, WSB No. 19147
bho@wysekadish.com
Of Attorneys for Plaintiff

COMPLAINT - 8

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135